# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| THE TERMINIX INTERNATIONAL, INC., *et al.*, | : | |
| | : | |
| Appellants, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. 1:19-cv-275-TFM-N |
| | : | |
| PATRICIA WEATHERBY, | : | |
| | : | |
| Appellee. | : | |

## ORDER

Pending before the Court is a *Motion to Remand and Supporting Memorandum of Law* filed by Terminix International Company, Inc.'s, and Terminix International Company, L.P.'s. Doc. 5, filed June 21, 2019. The motion requests the Court remand this arbitration award appeal to the Circuit Court of Mobile County, Alabama, because pursuant to 28 U.S.C. § 1441(b), Patricia Weatherby is prohibited from removing this matter. *Id.* at 1. Having considered the motion, response, and relevant law, the Court finds the motion to remand is due to be **GRANTED**.

## I. PROCEDURAL BACKGROUND

On May 13, 2019, Terminix International Company, Inc.'s, and Terminix International Company, L.P.'s (collectively, "Appellants") filed their Notice of Appeal from Aribtration Award with the state circuit court. Doc. 1 at 2-3. Patricia Weatherby ("Appellee") removed this matter to this Court from the Circuit Court of Mobile County, Alabama on June 12, 2019, pursuant to 28 U.S.C. §§ 1441 and 1446, based on an assertion of diversity jurisdiction (28 U.S.C. §1332). *Id.* at 1-2.

On June 21, 2019, Appellants filed their Motion to Remand and Supporting Memorandum of Law (Doc. 5) to which Appellee timely filed her response (Doc. 7). Appellants timely replied (Doc. 10). The motion is fully briefed and ripe for review, and the Court finds oral argument unnecessary.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1720, 135 L. Ed. 2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994). The party removing this action, has the burden of establishing federal jurisdiction. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

## III. DISCUSSION AND ANALYSIS

Appellants argue Appellee is a *de facto* defendant and the forum-defendant rule, which is found in 28 U.S.C. § 1441(a)(2), prohibits Appellee, a citizen of the state in which this action was brought, from removing this action to this Court. Doc. 5 at 9-16. Appellants argue to allow Appellee to remove this action to this Court would be counter to the purpose of the forum-defendant rule. *Id.* at 16-18. Finally, Appellants argue their appeal raises substantive issues of law that are unique to the State of Alabama and would be most appropriately decided by Alabama

courts. *Id.* at 18-19. In response, Appellee argues the forum defendant rule does not apply to her, the terms of the underlying agreement between the parties precludes a suit by Appellants for a review of the arbitrator's decision, and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-307, limits the circumstances under which an arbitration award may be judicially reviewed. Doc. 7.[1]

"'[F]or the purpose of removal, the federal law determines who is plaintiff and who is defendant. It is a question of the construction of the federal statute on removal, and not the state statute. The latter's procedural provisions cannot control the privilege of removal granted by the federal statute.'" *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (quoting *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580, 74 S. Ct. 290, 294, 98 L. Ed. 317 (1954)).

> [F]ederal courts are required to realign the parties in an action to reflect their interests in the litigation. The parties themselves cannot confer diversity jurisdiction upon the federal courts by their own designation of plaintiffs and defendants. *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69, 62 S. Ct. 15, 17, 86 L. Ed. 47 (1941). . . . Rather it is the "duty . . . of the lower federal courts[ ] to look beyond the pleadings and arrange the parties according to their sides in the dispute," *Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 16 n.5, 110 S. Ct. 297, 302 n.5, 107 L. Ed. 2d 223 (1989) (citations and quotations omitted), as determined by "the principal purpose of the suit" and "the primary and controlling matter in dispute," *City of Indianapolis*, 314 U.S. at 69, 62 S. Ct. 15. Where the parties' interests are the same, we have held that those parties must be aligned together . . . , even where the parties' interests were in opposition outside of the issues raised in the subject action. *Weller v. Navigator Marine, Inc.*, 737 F.2d 1547, 1548 (11th Cir. 1984); *see also Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156 (3d Cir. 1995) ("'[W]here party designations have jurisdictional consequences,' [the court] must align the parties before determining jurisdiction.").

*City of Vestavia Hills*, 676 F.3d at 1313-14.

Here, Appellants originally brought this action against Appellee in state circuit court

---

[1] The Court declines to address Appellee's arguments that are not related to the forum-defendant rule because they are outside the scope of the Court's jurisdictional inquiry and not properly considered on a motion to remand.

pursuant to Ala. R. Civ. P. 71B to appeal an award from arbitration. Doc. 1 at 2-3. Black's Law Dictionary defines "plaintiff" as "[t]he party who brings a civil suit in a court of law" and "defendant" as "[a] person sued in a civil proceeding or accused in a criminal proceeding." *Plaintiff, Defendant*, BLACK'S LAW DICTIONARY (11th ed. 2019). Further, Black's Law Dictionary defines "suit" as "[a]ny proceeding by a party or parties against another in a court of law." *Suit*, BLACK'S LAW DICTIONARY (11th ed. 2019). Based on these definitions, Appellants effectively are plaintiffs in this action because they brought the suit in state circuit court, and Appellee effectively is a defendant in this action because the suit was brought against her. While this matter is an appeal from arbitration in which Appellee was effectively a plaintiff and Appellants were effectively defendants, arbitration is not a court of law but "[a] dispute-resolution process," so the Court must determine the alignment of the parties based on when the suit was brought in a court of law. *Arbitration*, BLACK'S LAW DICTIONARY (11th ed. 2019).

Since the Court has determined Appellee is effectively a defendant in this matter, the fact that Appellee alleges her citizenship to be that of the the forum state, Alabama, and bases jurisdiction solely on diversity, raises the issue of the forum-defendant rule. *See* Doc. 1 ¶ 10. "A civil action otherwise removable solely on the basis of [diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).[2] Therefore this case is not removable.

---

[2] Removal by a resident defendant is a procedural defect, *see Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1372 n.4 (11th Cir. 1998), and the Court cannot *sua sponte* remand a matter based on a procedural defect but must wait for the plaintiff to file a timely motion to remand, *Whole Health Chiropractice & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1321 (11th Cir. 2001).

## IV. CONCLUSION

Based on the foregoing analysis, Appellants' motion to remand (Doc. 5) is hereby **GRANTED**, and this matter is **REMANDED** to the Circuit Court of Mobile County, Alabama. The Clerk of the Court is **DIRECTED** to take appropriate steps to effectuate the remand.

**DONE** and **ORDERED** this the 13th day of December 2019.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE